<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CIRCUPORT, INC., : | |
| : | |
| Plaintiff, : | |
| : | **Civil Action No. 11-00369 (SRC)** |
| v. : | |
| : | **OPINION** |
| DAVID C. DLESK and PHASE-N : | |
| CORPORATION, : | |
| : | |
| Defendants. : | |
| : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendant PHASE-N Corporation's ("Defendant") motion to dismiss the Amended Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer the action pursuant to 28 U.S.C. § 1404(a) [docket entry 7]. Plaintiff Circuport, Inc. ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Defendant's motion in its entirety.

**I.   BACKGROUND**

Plaintiff Circuport is in the business of designing and developing medical devices for medical and commercial applications. In September 2009, Plaintiff hired Defendant David C. Dlesk ("Dlesk") as its Chief Executive Officer and, at his recommendation, employed Defendant

PHASE-N to design and create a new needle set to be used with the company's hemodialysis device.  According to the Amended Complaint[1], Dlesk failed to disclose to Circuport that the founder and President of PHASE-N, Steven B. Woolfson, was his partner in another Massachusetts company, Transform Ventures, LLC.  Subsequently, on or about August 23, 2010, PHASE-N advised Circuport that it would not be able to deliver the molded needle sets that it had agreed to produce in a timely fashion.  In addition, Plaintiff avers that when the needles were eventually delivered, they were defective, forcing Circuport to retain a different needle developer.

On March 3, 2011, Plaintiff filed an Amended Complaint against Defendant Dlesk, alleging breach of contract, breach of fiduciary duty, and breach of loyalty.  In the same Complaint, it asserts a breach of contract claim against Defendant PHASE-N, against whom it also seeks to obtain injunctive relief.  Defendant PHASE-N filed the instant motion to dismiss the Amended Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted because of the parties' contractual agreement to litigate in Massachusetts.  In the alternative, Defendant moves to transfer venue to the United States District Court for the District of Massachusetts.[2]

---

[1] In its motion to dismiss, Defendant requests that the Court disregard Plaintiff's Amended Complaint, which asserts an additional claim for injunctive relief against Defendant, since the Complaint was prematurely filed under the Federal Rules of Civil Procedure.  In this Court's opinion, any technical prematurity in the filing of the Amended Complaint is rendered moot by the fact that the Court does not base its decision to deny dismissal or refuse transfer on the "alternate forum selection clause" that Plaintiff relies upon in its attempt to obtain injunctive relief.

[2] In its opposition, Defendant additionally argues that this Court should abstain from this case, pursuant to *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), because a parallel state court matter is pending.  This argument does not get off the

## II. DISCUSSION

Defendant moves to dismiss this action, or alternately, to transfer it to the District of Massachusetts, on the ground that Plaintiff expressly agreed in the forum selection clause contained in the Mutual Non-Disclosure, Intellectual Property and Work Product Agreement (the "Agreement") that actions between the parties must be brought in Massachusetts courts. The forum selection clause at issue states as follows:

> All disputes arising out of this Agreement shall be brought in the state or federal courts located in Suffix County, Massachusetts, although to the extent that a party hereto desires to bring an action for preliminary or final injunctive relief, such party shall be entitled to bring such an action against the other party in the forum of the principal place of business of such other party.

(Mutual Non-Disclosure, Intellectual Property and Work Product Agreement at ¶ 14.) In its opposition, Plaintiff argues that dismissal or transfer based on the forum selection clause is inappropriate because the clause applies only to claims "arising out of" the confidentiality Agreement which it contends does not include its contractual claims. Thus, the parties dispute the meaning of the phrase "arising out of" as it defines the scope of the forum selection clause.

The presumption to enforce a forum selection clause only applies when the dispute arises from the contract containing the clause. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 293 (3d Cir. 1994). A dispute "arises from" an agreement when it arises out of the contractual relation and implicates the contract's terms. *See Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,

---

ground. Actions are parallel when they involve an identity of parties and claims. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006). Defendant has not shown that the present action and the Massachusetts action are truly parallel, and has thus not persuaded that *Colorado River* abstention is appropriate.

709 F.2d 190 (3d Cir. 1983). In other words, the cause of action must be integrally related to the contractual relationship that is reflected in the agreement. In this case, the breach of contract claim that Plaintiff asserts against Defendant PHASE-N does not purport to invoke the forum selection clause of the non-disclosure Agreement.[3] The confidentiality Agreement between the parties is extremely limited and solely governs the issue of disclosure or non-disclosure of confidential information; it does not govern the performance of the parties concerning the development of the needles, the central matter in this breach of contract case. As such, because the contractual dispute based upon the production and delivery of needles does not "arise out of"[4] the confidentiality Agreement, the forum selection clause is inapplicable. Therefore, the action will not be dismissed based on improper venue pursuant to Fed.R.Civ.P. 12(b)(6).

The Court turns, then, to Defendant's alternative request that this case be transferred pursuant to 28 U.S.C. § 1404(a) to the District of Massachusetts. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495

---

[3] While Count Five of the Amended Complaint does "arise out of" the Agreement, it asserts a claim for injunctive relief which the Agreement dictates can be brought in any court of competent jurisdiction, rendering this Court's jurisdiction appropriate. (The Agreement at ¶ 9.)

[4] While Defendant contends that the design and manufacture of the needle set is "part and parcel of the work product developed under the Work Product Agreement," (Def.'s Reply Br. at 4, June 3, 2011) the Agreement contains the language "arising out of" as opposed to "arising in relation to;" a narrower contractual provision, encompassing a smaller variety of claims.

F.3d 72, 76-77 (3d Cir. 2007).

As a threshold matter, the Court concludes that the proposed transferee district, the District of Massachusetts, is one in which this action could have been brought. An action might have been brought in another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise jurisdiction over all the parties. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). This Court concludes that it appears that a substantial part of the events concerning this lawsuit occurred in Massachusetts. The nature of the work Defendant performed at its Boston design center is the central matter in this breach of contract case. As to personal jurisdiction over the parties in Massachusetts, no party has raised an objection to the transfer based on lack of jurisdiction in the proposed transferee district. In any event, it appears to this Court from the information available to it that all parties would be subject to personal jurisdiction in Massachusetts. According to the Complaint, Defendant is a Massachusetts corporation with its principal place of business located in the state. Plaintiff is engaged in business in the state, and its business there clearly relates to the subject matter of this lawsuit. Thus, the District of Massachusetts is another district, besides the District of New Jersey, in which this action may have been brought. *See* 28 U.S.C. § 1391(b) and § 1404(a).

Having found that the proposed transferee district is a proper one for this suit to proceed, the transferor court must proceed to evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). This evaluation calls for this Court to balance various private and public interests related to the transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873,

879 (3d Cir. 1995). In *Jumara*, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)." Id. The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Jumara*, 55 F.3d at 879. "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 480 (D.N.J.1993) (citations omitted).

The private factors favor keeping the case in New Jersey, where Plaintiff chose to bring suit. While Defendant prefers that the suit proceed in Massachusetts, Plaintiff, which has its principal place of business in Morristown, New Jersey, has chosen its home state as the forum.

Plaintiff's choice is therefore entitled to great weight. *See Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir.1989) (reversing dismissal for forum non conveniens); *Ricoh Co. Ltd.*, 817 F.Supp. at 480; *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of forum non conveniens, that plaintiff's forum choice deserves less deference when he has not chosen his home forum). In the Third Circuit, a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. When a plaintiff chooses his home forum, the choice is "entitled to greater deference." *Ricoh Co., Ltd.*, 817 F.Supp. at 480 (quoting *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 307 (D.N.J. 1989)).

Of course, Plaintiff's choice is not dispositive, and the Court must proceed to examine the other private factors. Moving on to the third factor, it appears from the facts presented to the Court that the claim arose in Massachusetts. The "locus of the alleged culpable conduct" determines the place where the claim arose. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). This factor favors Massachusetts since the breach of contract case revolves around Defendant's production of allegedly defective needles which were designed and manufactured in Massachusetts. The fourth factor, which considers the convenience of the parties as indicated by their relative physical and financial conditions constitutes a neutral factor since one party is located in New Jersey and the other in Massachusetts and both of their financial conditions permit them to litigate in either state. As to the remaining private interest factors, which deal with ease of access to evidence, the Court finds that they are also neutral since potential witnesses and the books of the parties are located in both Massachusetts and New Jersey.

Turning to the public factors, the Court concludes that they do not favor transfer. Most of

7

the factors - enforceability of judgment, relative administrative difficulty, fora's public policy and familiarity of trial judge with applicable state law - bear no significance in the analysis. And, practical considerations do not strongly favor Massachusetts over New Jersey. The parties have identified materials and witnesses located in both of the competing fora. As for the interest in deciding local controversies, both states have a concern in resolving disputes involving one of their home-state businesses.

Thus, on balance, the Court finds that Defendant has not shown that the relevant private and public factors weigh strongly in favor of transfer. Defendant has, in other words, failed to carry its burden of demonstrating that a section 1404(a) transfer would further the convenience of the parties and witnesses and serve the interests of justice. *See* 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879. The Supreme Court has held that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508. Therefore, the Court in its discretion denies Defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as its alternative request for a transfer of this action pursuant to 28 U.S.C. § 1404(a). An appropriate form of Order will be filed.

s/ Stanley R. Chesler<br>STANLEY R. CHESLER, U.S.D.J.

DATED: June 6, 2011