**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIRCUPORT, INC., : <br> : <br> Plaintiff, : <br> : Civil Action No. 11-00369 (SRC) <br> v. : <br> : OPINION & ORDER <br> DAVID C. DLESK and PHASE-N : <br> CORPORATION, : <br> : <br> Defendants. : <br> : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant, Counterclaimant and Third-Party Plaintiff David C. Dlesk ("Dlesk") for the entry of an Order granting Dlesk's application for advancement of expenses and other relief. The Court heard oral argument on March 28, 2012. For the reasons stated below, the motion will be granted.

In brief, Dlesk seeks advancement of legal expenses he has incurred in connection with his defense in this litigation. Dlesk argues that Plaintiff Circuport, Inc. ("Circuport") is obligated both to indemnify him and to advance his litigation expenses pursuant to the terms of the Amended and Restated Certificate of Incorporation (the "Certificate") which states, in pertinent part:

> TENTH: The following indemnification provisions shall apply to the persons enumerated below:
>
> l.     Right to Indemnification of Directors and Officers. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person (an "Indemnified Person") who was or is made or is threatened to be made a

>party or is otherwise involved in any action, suit or proceeding, Whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another Corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in connection such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of the Article Tenth, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized in advance by the Board of Directors.
>
>2.  Prepayment of Expenses of Directors and Officers. The Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person who is or was a director of the Corporation in defending any Proceeding in advance of its final disposition; provided however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by such Indemnified Person to repay all amounts advanced if it should be ultimately determined that such Indemnified Person is not entitled to be indemnified under this Article Tenth or otherwise. The Corporation may, if authorized by the Board of Directors at its sole discretion, pay the expenses (including attorneys' fees) incurred by an Indemnified Person who is or was an officer of the Corporation in defending any Proceeding in advance of its final disposition; provided however, that, to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by such Indemnified Person to repay all amounts advanced if it should be ultimately determined that such Indemnified Person is not entitled to be indemnified under this Article Tenth or otherwise.

(Pls.' Opp. Br. 6-7.) Dlesk contends that he is both an officer and director, and that he is a party to this litigation by the reason of the fact that he was a director or officer of the corporation. Dlesk contends that Circuport is therefore obligated both to indemnify him and to pay his

2

expenses in this litigation in advance of its final disposition.

Circuport disputes its obligation to advance expenses to Dlesk pursuant to the Certificate, arguing that the second paragraph makes advancement of expenses of only directors mandatory, and makes advancement of expenses of officers a matter entrusted to the discretion of the Board of Directors.  "A certificate of incorporation is viewed as a contract among shareholders, and general rules of contract interpretation apply to its terms."  Waggoner v. Laster, 581 A.2d 1127, 1134 (Del. 1990).

There is no dispute that Dlesk has been both an officer and a director of the corporation.  Circuport argues, however, that it has not alleged in this litigation that Dlesk breached his duties as a director, but only as an officer.  Circuport thus takes the position that Dlesk did not become a party to this litigation by reason of the fact that he was a director, but only by reason of the fact that he was an officer.  This argument fails, as it misreads the plain language of the Certificate.

The Certificate obligates the corporation to indemnify:

> any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, Whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation . . .

The language in the first paragraph at issue creates an obligation to indemnify any person who is made a party by reason of the fact that such person "is or was a director or officer of the Corporation."  Because there is no dispute that Dlesk is or was a director or officer of the corporation, the corporation is obligated to indemnify him.

Next, in the second paragraph at issue, the Certificate states that the "Corporation shall pay the expenses (including attorneys' fees) incurred by an Indemnified Person who is or was a

3

director of the Corporation in defending any Proceeding in advance of its final disposition . . ."
There is no dispute that Dlesk is or was a director of the corporation.  Under the second paragraph, the corporation must advance his expenses.

Circuport nevertheless argues: "In the critical words of both the Delaware statute and the Company's Certificate of Incorporation, Dlesk is not incurring expenses in defending this matter 'by reason of the fact' that he is or was a director of Circuport." (Pl.'s Opp. Br. 11.)  The first paragraph quoted above obligates Circuport to indemnify one who is made a party by reason of the fact that he was a "director **or** officer."  The objection that Dlesk was not made a party by reason of the fact that he was a director cannot suffice to remove him from the category of persons who were made a party by reason of having been officers **or** directors.

Circuport's argument conflates the language of the two provisions, making it appear as if the second paragraph requires the corporation to advance expenses only for suits arising out of the fact that a person is or was a director, and giving it discretion to refuse to advance expenses in suits arising out of the fact that a person is or was an officer.  That is not what the Certificate says, that discretion only exists where a defendant is only an officer and does not have the dual role that Dlesk had.

Even if the Certificate had been drafted so that the second paragraph provisions incorporated the "by reason of the fact" phrasing of the first paragraph, Circuport still would not prevail.  Circuport's argument that the suit targets Dlesk as an officer, rather than as a director, would be rejected by the Delaware Supreme Court, which has firmly rejected a similar argument:

> We are aware that the pleadings in the MAH action named VonFeldt as a defendant in his capacity as an officer and employee of SNC, rather than as an SNC director. This distinction is immaterial. In keeping with the aversion to

> undue formalism, we decline to engage in the hyper-technical exercise of trying to measure the "scope" of Stifel Financial's request against the various roles VonFeldt filled at SNC. Stifel Financial was surely aware that, in today's corporate world, directors will commonly extend their official activities beyond the four walls of the boardroom. Sometimes directors will involve themselves in the day-to-day management of the firm's operations, thereby assuming multiple roles in the corporation. Where such is the case, the director seeking indemnification is not required to prove the existence of a request relating specifically to his work as an officer and employee of the subsidiary. We hold that, as a matter of law, the request to serve as an officer and employee of a wholly-owned subsidiary is inferred from the director's election to the subsidiary's board. Therefore, VonFeldt may pursue indemnification for costs incurred in the MAH action, although the action implicated his conduct only as an officer and employee of SNC.

VonFeldt v. Stifel Fin. Corp., 714 A.2d 79, 85 (Del. 1998).  The analogy is so clear that elaborate discussion of this quote is not needed: the Delaware Supreme Court would surely find Circuport's argument similarly hyper-technical.

Lastly, Circuport argues that its claims against Dlesk are in the nature of employment contract claims, which are personal in nature and do not arise by reason of Dlesk's position as director or officer.  The case which Circuport cites in support, Weaver v. ZeniMax Media, Inc., 2004 WL 243163 (Del.Ch. 2004), however, works against it.  In Weaver, the Chancery Court held: "Taking too much vacation time and submitting fraudulent travel expenses are examples of personal conduct by employees; they did not give rise to claims 'by reason of the fact' that Weaver was an officer and director." Id. at *5.  Broadly speaking, the Second Amended Complaint alleges a conflict of interest in Dlesk's conduct of the primary business of the corporation as its CEO; this is not a suit about personal conduct like taking too much vacation time or submitting fraudulent travel expenses.  It is very difficult to read the Complaint's allegations, which center on Dlesk's alleged self-dealing in giving corporate business to vendor

Phase(n), and see them as concerning personal conduct rather than official conduct. Circuport argues that its claims "do not implicate his use or abuse of his position of corporate authority as a director of the Company." (Pl.'s Opp. Br. 15.) Perhaps, but Circuport's claims certainly implicate Dlesk's alleged abuse of his position of corporate authority as an officer – thus triggering the corporation's obligation to indemnify him.

Moreover, it is worth noting that, in Weaver, the Chancery Court stated: "When this Court has construed the "by reason of the fact" requirement of 8 Del. C. § 145 in the indemnification context, it has done so broadly and in favor of indemnification." Id. at *3.

At oral argument, Circuport argued that it was unfair to ask a corporation to advance the litigation expenses of an officer that it is suing for malfeasance. The Court is not unsympathetic to this position, but perhaps that should have been considered by the management of the corporation when it drafted its certificate of incorporation. Presumably, the Certificate was drafted with the assistance of counsel. Had the management of Circuport wished to include the distinctions it now asserts when the Certificate was drafted, it could have done so, but it did not. It is understandable if Circuport management is unhappy now with the consequences of the Certificate's express terms, but the corporation has shown no reason why it should be allowed to escape them.

For these reasons,

**IT IS THEREFORE** on this 9th day of April, 2012,

**ORDERED** that Dlesk's motion for advancement of expenses (Docket Entry No. 69) is **GRANTED**; and it is further

**ORDERED** that Circuport shall advance to Dlesk the expenses of this litigation, subject

to his providing the required undertaking.

                                                 s/ Stanley R. Chesler
                                                 Stanley R. Chesler, U.S.D.J.