<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIRCUPORT, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>DAVID C. DLESK and PHASE-N :<br>CORPORATION, :<br>:<br>Defendants. : | Civil Action No. 11-00369 (SRC)<br><br>OPINION |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion by Defendant, Counterclaimant and Third-Party Plaintiff David C. Dlesk ("Dlesk") to enforce the Settlement Agreement, and the cross-motion to enforce the Settlement Agreement by Plaintiff Circuport, Inc. ("Circuport"). For the reasons that follow, Dlesk's motion will be granted in part and denied in part, and Circuport's motion will be denied.

The parties agree that they have entered into a binding and enforceable Settlement Agreement. On April 9, 2012, counsel for Dlesk sent a letter (the "Letter") with an offer of settlement to Circuport's counsel; on April 12, Circuport's counsel sent back a letter accepting the offer. The parties dispute some of the terms of the Agreement, particularly the time for payment. The Letter states that Circuport will pay Dlesk $305,773.42 for litigation costs, $5,273.57 to Dlesk for travel fees, and $25,000 to the Dlesk Family Fund as a return of an investment. After outlining these payments and other terms, the Letter states: "[I]f the above conditions are met and Circuport's complaint withdrawn with prejudice, Dlesk is willing to

abandon all pending claims against the Company, as well as the claims of the DFF."

The parties principally dispute what the Agreement means in terms of when and how the payments are due. Dlesk contends that the Letter provides that "payment was to be rendered in full as a precondition to Dlesk entering into a dismissal of his claims." (Dlesk's Br. 13.) Circuport contends that the Letter does not "specify a time or deadline for the payment of the settlement amount, nor did it specify an exclusive method of payment, nor did it request or require that Dlesk's claim to the settlement amount be secured or given a preference over the claims of the Company's other creditors." (Circuport's Opp. Br. 5.)

Under New Jersey law, "[a]n agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008). A settlement "agreement should be construed consistently with fundamental precepts of contract construction." Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 318 (3d Cir. 1990). "The agreement memorializes the bargained for positions of the parties and should be strictly construed to preserve those bargained for positions." Id. at 319. "[T]he meaning of a settlement agreement should initially be discerned by looking to the four corners of the agreement itself. An agreement is unambiguous when it is reasonably capable of only one construction." Marwood v. Elizabeth Forward Sch. Dist., 93 Fed. Appx. 333, 336 (3d Cir. 2004) (citation omitted). Moreover:

> Ambiguity is a pure question of law for the court.
>
> In deciding whether a contract is ambiguous, a court does not just ask whether the language is clear; instead it hears the proffer of the parties and determines if there are objective indicia that, from the linguistic reference point of the parties, the

terms of the contract are susceptible of different meanings.
<u>American Flint Glass Workers Union v. Beaumont Glass Co.</u>, 62 F.3d 574, 581 (3d Cir. 1995) (citations omitted).

Neither party has pointed to any objective indicia of ambiguity in the Letter. In fact, neither party has asserted that the Letter is ambiguous; the parties agree that the Letter is a clear statement of the Settlement Agreement. Dlesk simply asks this Court to enforce it. As noted, Circuport, on the other hand, contends that the Letter has omitted material terms dealing with the time and manner of payment. The problem for Circuport, however, is that it has pointed to neither facts nor law to support its position. Circuport asserts that material terms are missing from the Letter, but offers no intrinsic evidence to demonstrate that this is so.

The Letter, on its face, and the subsequent letter from Circuport accepting the offer, do not provide any objective evidence that the Letter omitted material terms dealing with the time and manner of payment. The objective evidence is quite to the contrary. The Letter expressly purports to be a settlement agreement, and states: "[I]n an effort to bring about a resolution of this matter, Dlesk is prepared to make the following concessions in exchange for Circuport's acquiescence to the demands made herein." (Letter at 1.) The Letter then spells out the terms, including the payments to be made by Circuport, described above. The Letter concludes: "[I]f the above conditions are met and Circuport's complaint withdrawn with prejudice, Dlesk is willing to abandon all pending claims against the Company, as well as the claims of the DFF." (Letter at 2.)

The Letter thus expressly proposes a sequence of events: 1) Circuport makes the specified payments to Dlesk and DFF; 2) Circuport withdraws its complaint in this case with prejudice;

3

and 3) Dlesk abandons all claims against Circuport and causes the claims of DFF to be abandoned. It is true that the Letter contains no express language which states a date by which this series of events is to be completed. This leads to the task of interpreting the contract.

The New Jersey Supreme Court recently restated the fundamental principles of contract interpretation under New Jersey law:

> As a general rule, courts should enforce contracts as the parties intended. Similarly, it is a basic rule of contractual interpretation that a court must discern and implement the common intention of the parties. A court's role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the expressed general purpose.

Sachau v. Sachau, 206 N.J. 1, 5-6 (2011) (citations omitted). In applying these principles to this case, then, the Court looks to what was written in the context of the circumstances at the time of drafting to discern the common intention of the parties. The Letter states, and the responsive letter confirms, that the intention of the parties in making this agreement was to settle this case, as well as other litigation between them. The Letter states that the parties agreed that a condition precedent to the conclusion of litigation would be the payment of certain amounts. While there is no date for the conclusion of this process stated, the Letter requires that the payments be made prior to the dismissal of litigation claims. This Court finds that this implies the time frame of a reasonable period of time to complete a fairly simple litigation settlement. This Court finds that, from what was written, in the context of the circumstances at the time of drafting, the parties intended that the entire settlement process be completed within a reasonable period of time. A reasonable period of time to complete a settlement of this kind in this kind of case is 45 days.

Moreover, in New Jersey that it is a "well established principle" that "where no time is fixed for the performance of a contract, by implication a reasonable time was intended." Black

4

Horse Lane Assocs., L.P. v. Dow Chem. Corp., 228 F.3d 275, 284 (3d Cir. 2000) (quoting Becker v. Sunrise at Elkridge, 226 N.J. Super. 119, 129 (N.J. Super. Ct. App. Div. 1988). This provides an additional basis to find that the the parties intended to complete the settlement process within a reasonable time.

On April 12, 2012, Circuport's counsel wrote to Dlesk's counsel that Circuport "hereby accepts Mr. Dlesk's offer to settle all claims against all Circuport parties . . . and agrees to the terms set forth in your April 9th letter." In light of this clear language, Circuport's position makes no sense. The Letter proposed some reimbursement transactions, followed by all parties withdrawing or abandoning their claims. Circuport expressly agreed to settle all claims. Circuport's interpretation attempts to turn a clear acceptance of a settlement into an indefinite nonsettlement. Given the terms in the letter, how could Circuport settle all claims without making the specified reimbursements first?

This conclusion finds support in the fact that Circuport's view of the contract is irreconcilably at odds with its express language. The Letter contains this statement: "settlement of the instant case should include a complete divorce of the parties." (Letter at 2.) This statement is at odds with Circuport's assertion that "immediate payment of the settlement amount in cash [] was never agreed to by Circuport because it is not currently a viable option for the Company." (Circuport's Opp. Br. at 6.) Circuport agreed in writing to the intention stated in the Letter to effect a complete divorce of the parties. The intent to effect a complete divorce conflicts irreconcilably with Circuport's current position, that the parties will drop all litigation and then Dlesk will wait patiently at the end of the line of other creditors until Circuport makes enough money to pay him. Circuport has not even argued – nor could it, reasonably – that

5

patiently waiting for money for an indefinite period of time is consistent with a complete divorce of the parties.

Similarly, Circuport's contention that the Letter cannot mean that they agreed to pay the money in cash right away, because the Company cannot afford it, is unpersuasive. There is no indication anywhere in the documents that either party contemplated that payment would occur in some other form than a direct payment in cash or its equivalent. The Letter uses the word "reimbursement." Black's Law Dictionary (9th ed. 2009) defines reimbursement as "repayment." There is no basis to conclude that the parties did not intend reimbursement to mean repayment in the ordinary meaning of that word: to give someone money.

Lastly, Circuport's position is unpersuasive because it robs the settlement agreement of any rational meaning under the circumstances. If Circuport is correct, it merely agreed to drop the litigation in exchange for a promise to let Dlesk go to the end of the line of creditors for eventual payment in some form some day. That is not a settlement that resolves a case – it is kicking the can down the road. Nor does the interpretation that transforms "reimbursement" into an undefined transaction, remote in time, appear to apply a rational meaning within the context of the Letter. Circuport's interpretation does not, in the words of the New Jersey Supreme Court, "apply a rational meaning in keeping with the expressed general purpose" of the Letter.[1] Sachau, 206 N.J. at 6.

This Court finds that the Settlement Agreement, as memorialized in the Letter, is clear and unambiguous, and that the parties intended that it be completed within a reasonable period of

---

[1] As Dlesk aptly put it, "the Circuport Parties' proposed time frame of ***maybe never*** would not be an acceptable interpretation." (Dlesk's Reply Br. 7.)

time.  A reasonable period of time, in the context of a settlement process for a case of this kind in the District of New Jersey is 45 days.  The settlement agreement is construed to require completion of the settlement within 45 days of the date of entry of this Order.

In the final sentence of his brief, Dlesk tacks on a request that this Court Order that Circuport's agreement to settle be implemented in a Judgment against Circuport and the Edogas, jointly and severally, for the settlement amounts.  This comes out of thin air.  This Court finds nothing in the Letter which indicates that Dlesk and Circuport intended that Circuport and the Edogas be jointly and severally liable for the settlement amount.  Moreover, the letter from Circuport's counsel states that "Circuport, Inc." accepts the offer to settle all claims.  There is no evidence in these two letters that either party intended to make the Edogas jointly and severally liable for the settlement.  Dlesk's motion will be granted in part, and denied insofar as he seeks to hold the Edogas jointly and severally liable for the settlement amount.  The settlement agreement binds Circuport to make the payments, not the Edogas.

For these reasons, Dlesk's motion to enforce the Settlement Agreement is granted in part and denied in part, and Circuport's cross-motion to enforce the Settlement Agreement is denied.

                                                                       s/ Stanley R. Chesler
                                                                      STANLEY R. CHESLER
                                                           United States District Judge

Dated: July 20, 2012